UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALVADOR MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BILL GORE, et al.,<br><br>　　　　Defendants. | Case No. 13cv2186-DMS (MDD)<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS.<br>[ECF NO. 15] |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the United States District Court for the Southern District of California.

## I.  Procedural History

On September 12, 2013, Plaintiff Jorge Salvador Moreno, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint pursuant to 42 U.S.C § 1983. (ECF No. 1.) Plaintiff's sole claim in his Complaint appears to be that the conditions of his confinement violate his Eighth Amendment rights. (*Id.*) Specifically, Plaintiff states that his placement in isolation, rather than administrative segregation or general population, violates his rights

and his sole prayer for relief is that he be transferred back to administrative segregation. (*Id.*) On November 12, 2013, Defendants filed the instant Motion to Dismiss. (ECF No. 15.) On January 8, 2014, Plaintiff filed a Response in Opposition ("Opp"). (ECF No. 17.) On February 4, 2014, Defendants filed their Reply to Plaintiff's Response. (ECF No. 18.)

## II. Statement of Facts

### 1. Plaintiff's Confinement

Since on or about August 12, 2009, Plaintiff has been in custody at the Vista Detention Facility awaiting trial in a state court action, case number SCD 208824. (ECF No. 15-1 at 13.) Plaintiff was transferred to Vista from another state prison where he was serving a sentence for a separate murder conviction.

According to Plaintiff, on December 17, 2010, Deputy District Attorney Mark Amador caused Plaintiff to be removed from administrative segregation and placed in isolation. (ECF No. 1 at 1.) Plaintiff was told that the reason for the transfer was that Plaintiff is too dangerous to inmates, staff, and the public, but Plaintiff contends he never received notice of a rule violation regarding these allegations. (*Id.*)

Plaintiff states that he has remained in isolation since December 2010. (*Id.*) He does not interact with anyone while in isolation and does not have a window. (*Id.* at 1-2.) Plaintiff also contends that he is not in a proper cell, but rather a holding cell that has been converted to a cell by the addition of a bed, phone, TV, shower, and toilet. (*Id.* at 2.) There is a camera pointed directly at the cell which monitors Plaintiff at all times, even when he uses the toilet. (*Id.*)

Plaintiff further contends that this unique treatment extends to

his medical care. (*Id.*) Rather than being taken to see a doctor, a doctor is brought to Plaintiff. (*Id.*) These visits are inferior because the doctor does not take Plaintiff's blood pressure, temperature, or weight. (*Id.*) Plaintiff asserts that he has difficulty communicating with the doctor because there are always several deputies in the room with him. (*Id.*) Further, Plaintiff states that the nature of these visits has lead to problems receiving and taking medication, despite the fact that Plaintiff suffers from chronic pain. (*Id.* at 3.)

Plaintiff also has difficulty receiving legal visits while in isolation. (*Id.*) His attorneys are not allowed to bring in computers for Plaintiff to use to review documents, and deputies listen in on his conversations with attorneys. (*Id.*) Plaintiff also experiences delays receiving mail. (*Id.*) Plaintiff has repeatedly complained about the conditions of his confinement to deputies, but officials have refused to place Plaintiff back into administrative segregation. (*Id.* at 4-5.) Plaintiff contends that confinement in isolation is adverse to his mental health and he experiences behavioral changes, mood swings, and depression. (*Id.* at 7.)

### 2. Prior State Court Actions Challenging Plaintiff's Conditions of Confinement[1]

On January 10, 2012, Plaintiff filed a Petition for a Writ of Mandate to Remedy Unconstitutional Conditions of Pretrial Confinement in San Diego County Superior Court. (ECF No. 15-2 at 9.) In his Petition, Plaintiff contended that his placement in isolation violated his constitutional rights. (*Id.* at 13.) Specifically, Plaintiff stated that he had been placed in a holding cell not intended to serve for

---

[1] Defendants request judicial notice of these decisions and their relevant filings. (ECF No. 15-1 (Notice of Lodgment and Request for Judicial Notice).) The Court takes judicial notice pursuant to Fed. Rule of Evidence 201(b)(2).

continuous incarceration, that he lacked adequate contact with legal counsel, that isolation from other inmates was harmful to his mental state, and that the conditions were otherwise below minimum acceptable standards. (*Id*. at 19-30.) On March 8, 2012, a hearing was held on Plaintiff's Petition. After hearing argument from both sides, the court found that the conditions of Plaintiff's confinement did not violate his constitutional rights, and accordingly denied the Petition. (*Id*. at 3.)

In addition to the Petition for a Writ of Mandate, Plaintiff also filed a Petition for Writ of Habeas Corpus in San Diego County Superior Court, case number HCN 1177 (CSD 2088824, SCD 226640), on the same grounds. On July 1, 2011, the superior court issued an Order Denying the Petition . (ECF No. 15-2 at 80-84.) The superior court noted that Plaintiff was placed in isolation because he: had threatened other inmates and their families while in administrative segregation; had a record of numerous assaults while in custody; had been improperly communicating with people outside the jail, including the attorney prosecuting his case, in part by sending mail through other inmates; and that Plaintiff had asked another inmate (who was actually serving as an informant) to commit various crimes when the inmate was released from prison, including the murder of the family member of a witness scheduled to testify against Plaintiff. (*Id*. at 81-82.) Plaintiff had also asked the informant to murder the attorney prosecuting Plaintiff's case, and later indicated that he had arranged for another person to perform the murder. (*Id*. at 82.) The superior court found that Plaintiff's placement in isolation only limited his communication with other inmates, and that Plaintiff had made no showing that his placement in isolation restricts him in any way or is not justified based

on Plaintiff's actions while in custody. (*Id.*) Accordingly, the court found that the conditions of Plaintiff's confinement did not violate any Constitutional right.

### III.  Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations omitted). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell v. Twombly*, 550 U.S. 544, 555-56 (2007). Thus, while specific detail is not required, every complaint must, at a minimum, plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1066 (9th Cir. 2008).

The court must assume the truth of the facts which are presented and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A *pro se* party's pleadings should be construed liberally. *Id.* However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell,* 127 550 U.S. at 555. Thus, the court is

not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citation omitted). Furthermore, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. Analysis

In their Motion, Defendants contend that Plaintiff's claim should be dismissed for two reasons. (ECF No. 15.) First, Defendants contend that Plaintiff's claim is barred by *res judicata*. (*Id.* at 2.) Second, Defendants contend that Plaintiff's claim fails because the evidence presented in Plaintiff's state court cases shows that Plaintiff was properly placed in isolation because he is a threat to "inmates, deputies, witnesses, and prosecutors." (*Id.*)

### 1. Plaintiff's Claim is Barred by *Res Judicata*

Defendants contends that Plaintiff's claim is barred from consideration by this Court under the doctrine of *res judicata*. (ECF No. 15 at 2.) Defendants contend that Plaintiff previously litigated the same issues presented in the instant Complaint in state court in his Petition for a Writ of Mandate in case number MCR 12-015 and in his Petition for a Writ of Habeas in case number HCN 1177 (SCD 2088824, SCD 226640). (ECF No. 15 at 2.) Both state court decisions examined Plaintiff's placement in isolation and determined that the conditions of Plaintiff's confinement did not rise to the level of a constitutional violation. (ECF No. 15-2 at 3, 80-84.)

"A federal court must give State court judgments the same preclusive effect those judgment would have in State court." *Clement v. California Dept. Of Corrections*, 220 F. Supp. 2d 1098, 1107 (quoting

*Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 84 (Cal. 1984). Thus, if a California court would give preclusive effect to these prior decisions, this Court must do so as well. *Id.* The Ninth Circuit has explicitly held that a federal court is required to give preclusive effect to a state habeas decision in a subsequent section 1983 claim brought in federal court, provided preclusion is warranted under California state law. *Id.* The party must have had a full and fair opportunity to be heard on the issue and the issue must have been determined under federal standards. *Silverton v. Department of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (giving preclusive effect to state habeas decision in a subsequent § 1983 claim brought in federal court).

In California, a prior decision will preclude subsequent consideration of an issue if three conditions are met: (1) the issues decided in the prior adjudication were identical to those presented in the subsequent action; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the doctrine of *res judicata* is invoked was a party or in privity with a party to the prior adjudication. *Panos v. Great Western Packing Co.*, 21 Cal. 2d 636, 637 (Cal. 1943); *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (Cal. Ct. App. 1998).

Here, the state court issued two final judgments dispensing of Plaintiff's Eighth Amendment claims, and Plaintiff was the party alleging the constitutional violation in both prior actions. Thus, prongs two and three are met. *Panos*, 21 Cal. 2d at 637. The only remaining question is whether the prior actions involved the same issues as Plaintiff's instant Complaint. Whether a prior action involved the same issue is determined by examining the "primary right" at stake.

*Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1175 (Cal. Ct. App. 1983).  If the two actions involve the same injury to the plaintiff and the same wrong by the defendant, "then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  *Id.*

The same primary right is at issue here as in the prior decisions.  Plaintiff raised the same issues: the effect on his mental health, the fact that his holding cell was not a proper cell, his inability to meet with his legal counsel without interference, and the general conditions of his cell. (ECF No. 15-2 at 18-30.)  The "injury" in both prior claims was Plaintiff's confinement in isolation while awaiting trial as opposed to confinement in administrative segregation or general population, and the "wrongs" by Defendants were their treatment of Plaintiff and refusal to remove him from isolation prior to his trial.  (*Id.*)  Even if Plaintiff's instant Complaint contains some additional facts or is based on a different theory of recovery, this Court must still give preclusive effect to the prior state court decisions.[2]  *Eichman*, 147 Cal. App. 3d at 1175.

The state courts provided a full and fair opportunity to be heard,

---

[2]The only fact in the instant case that differs from the facts presented in Plaintiff's state court proceedings is the duration of Plaintiff's confinement. This does not affect the applicability of *res judicata* to Plaintiff's claim.  While the duration of confinement is a factor to be considered by the court, even indefinite confinement does not necessarily rise to the level of a constitutional violation.  *Hutto v. Finley*, 437 U.S. 678, 685-86 (1978).  Here, Plaintiff's placement in isolation is only scheduled to last until his trial concludes, just as in Plaintiff's state court cases.  Further, the state court noted that Plaintiff was placed in isolation based on his violent interactions with other inmates while in less restrictive confinement, including asking other inmates to murder the prosecuting attorney and a family member of a witness. (ECF No. 15-2 at 80-84.)  Thus, the extended duration of Plaintiff's confinement does not materially affect his claim.

and their decision is in accordance with federal standards. *Silverton*, 644 F.2d at 1347; *Clement*, 220 F. Supp. 2d at 1107. Accordingly, the Court finds that Plaintiff's claimed is barred from reconsideration by the doctrine of *res judicata*. The Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED**. Further, as amendment to Plaintiff's Complaint would be futile, leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 182; *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Because the Court finds that Plaintiff's claim is barred, the Court need not address Defendants' argument that this Court should adopt the reasoning and evidentiary findings of the state court.

### 2. Additional Claims

In his Opposition, though it is unclear, Plaintiff appears to contend that dismissal is inappropriate because he also intended to allege claims not presented to the state court. (ECF No. 17.) These allegations, however, are not enough to rescue Plaintiff's Complaint. Plaintiff does not enumerate the claims in his Complaint and the Court cannot decipher any clearly stated claim for relief in his Complaint other than the Eighth Amendment claim based on his confinement in isolation. If Plaintiff believes he possesses legally cognizable claims other than an Eighth Amendment claim based on the conditions of his confinement, he must seek amendment of his Complaint pursuant to Fed. Rule of Civ. Proc 15 or file a new action clearly alleging those claims in compliance with Fed. Rule of Civ. Proc. 8.

## V. Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED,**

and Plaintiff's claim be **DISMISSED** without leave to amend.

This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may filed written objections with the court and serve a copy on all parties by **May 28, 2014**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **June 11, 2014**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2014

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge